**FILED**

FEB 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JICARILLA APACHE NATION, ) | |
| ) | Case: 1:08-cv-00316 |
| Plaintiff ) | Assigned To : Lamberth, Royce C. |
| v. ) | Assign. Date : 2/25/2008 |
| ) | Description: Admn. Agency Review |
| U.S. DEPARTMENT OF THE INTERIOR, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT FOR DECLARATORY RELIEF

### Introduction

1.     Plaintiff, the Jicarilla Apache Nation ("Jicarilla"), brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701- 706, seeking judicial review of final agency action.  Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment setting aside the final decision of Defendant, the Department of the Interior ("Department"), issued by the Interior Board of Land Appeals ("IBLA") in *Merit Energy Co. v. Minerals Management Service*, 172 IBLA 137 (2007) ("*Merit*"), as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, *see* 5 U.S.C. § 706, and as a breach of the Department's trust obligation to enforce Indian oil and gas leases..

### Parties

2.     Plaintiff Jicarilla Apache Nation is a federally recognized Indian tribe with a reservation located in northwest New Mexico.  Jicarilla is the lessor under various oil and gas mining leases issued beginning in the early 1950's under the Indian Mineral Leasing Act of 1938 ("IMLA"), 25

U.S.C. §§ 396a- 396g. Pursuant to the terms of the leases, Jicarilla is entitled to royalties for oil and gas produced on the Jicarilla Apache Reservation.

3.      Defendant United States Department of the Interior is an agency of the federal government. The Department, through its Minerals Management Service ("MMS") and the Bureau of Indian Affairs ("BIA"), is responsible for approving and administering Indian leases and ensuring that the correct amount of royalties is paid to tribes, including Jicarilla. *See, e.g.*, 25 U.S.C. § 396(b) (IMLA); 30 U.S.C. § 1701 (Federal Oil and Gas Royalty Management Act of 1982, or "FOGRMA"); 25 C.F.R. Part 211 (2007) (BIA mineral leasing regulations for Indian lands); 30 C.F.R. Parts 202, 206 (2007) (MMS royalty regulations). The Department is required to conduct such activities consistent with its trust responsibility to federally recognized Indian tribes as discussed in paragraphs 8-10 herein.

Jurisdiction

4.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1362. The United States has consented to suit pursuant to 5 U.S.C. § 702. The decision for which review is sought is a final agency action. *See* 43 C.F.R. 4.403 (2006) ("A decision of the Board [of Land Appeals] shall constitute final agency action and be effective upon the date of issuance, unless the decision itself provides otherwise.").

Venue

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1), (b)(2), (e)(1), and (e)(2) and 5 U.S.C. § 703.

Statement of Facts

A.    The Jicarilla Leases

6.    Pursuant to the IMLA, Jicarilla entered into leases with Merit Energy Company ("Merit") for oil and gas production on the Jicarilla Apache Reservation. These leases were entered into on BIA Standard Lease Form 5-157 ("Lease"), and were approved by the Department. In exchange for royalty payments as specified in the lease, the lessee is granted "the exclusive right and privilege to drill for, mine, extract, remove, and dispose of all the oil and natural gas deposits" on the leased portion of the Jicarilla Apache Reservation. Lease ¶ 1.

7.    Royalties from Jicarilla's oil and gas leases are of vital importance to the tribe, as they provide about half of all the revenue used to pay for essential government services on the Jicarilla Apache Reservation, such as police, tribal courts, health care, and education.

8.    The United States, including its agencies, has a fiduciary duty to tribes which extends to the management of tribal resources, including the management of tribal oil and gas. *E.g.*, *Seminole Nation v. United States,* 316 U.S. 286, 296-97 (1942) (the United States has a "moral obligation of the highest responsibility and trust" to Indian tribes and its "conduct, as disclosed in the acts of those who represent it in dealings with Indians, should therefore be judged by the most exacting fiduciary standards"); *Jicarilla Apache Tribe v. Supron Energy Corp.,* 782 F.2d 855 (10th Cir. 1986) (*en banc*) (*adopting dissenting opinion at* 728 F.2d 1555), *modified,* 793 F.2d 1171, *cert. denied,* 479 U.S. 970 (1986) (Secretary of the Interior must act as a fiduciary in the administration of tribal oil and gas reserves).

9.    Accordingly, FOGRMA states that the "Secretary should aggressively carry out his trust responsibility in the administration of Indian oil and gas." 30 U.S.C. § 1701(a)(4); *see BP America Production Co. v. Burton,* 127 S.Ct. 638, 648 (2006).

-3-

10. The MMS royalty regulations also acknowledge the United States' trust responsibility

with respect to the management of Indian oil and gas, providing that:

> the regulations in this subpart are intended to ensure that the trust responsibilities of the
> United States with respect to the administration of Indian oil and gas leases are
> discharged in accordance with the requirements of the governing mineral leasing laws,
> treaties, and lease terms.

30 C.F.R. § 206.170(e)(2007).

11. The leases at issue in this case contain a provision known as the "major portion price"

provision, which provides as follows:

> 'Value' for the purposes hereof [the calculation of royalties] may, in the discretion of
> the Secretary, be calculated on the basis of the highest price paid or offered . . . at the
> time of the production for the major portion of the oil of the same gravity, and gas,
> and/or natural gasoline, and/or all other hydrocarbon substances produced and sold
> from the field where the leased lands are situated.

Lease ¶ 3(C).

12. As provided in the leases and in discharge of its trust responsibilities, MMS

determined major portion prices for gas from the Jicarilla Apache Reservation.

13. Pursuant to its statutory and trust responsibilities, MMS audited the leases between

Merit and Jicarilla. That audit uncovered several problems with Merit's royalty calculations

for oil and gas production on those leases.

14. Specifically, the MMS audit determined that:

> Merit failed to consider major portion value for gas produced and sold from the
> leases; it failed to perform dual accounting; it improperly claimed deductions from
> royalties for gas sales to Tristar Gas Marketing Company; and it failed to report gas
> sales as processed for the Tribe.

*Merit*, 172 IBLA at 139.[1]

---

[1] When natural gas is produced, it contains both gas and natural gas liquids: the gas can
be sold either in its "wet" state at the wellhead ("casinghead gas") or after processing, when the
liquids are separated from the gas. Under dual accounting, the lessee must calculate both (1) the
value of the unprocessed, or casinghead, gas, and (2) the combined values of the processed gas
and separated liquids after processing (less allowed processing costs), and pay royalties as a

B.     The Order to Perform

15.     On February 16, 1999, MMS issued an Order to Perform ("OTP") to Merit, directing it to perform dual accounting using major portion prices to calculate royalties on the Jicarilla leases at issue for the period January 1984 through June 1995; to perform dual accounting (without using major portion prices) for the period July 1995 through September 1995; and to pay any additional royalties due. *Id.*

16.     From 1998 - 1999, MMS issued similar major portion orders to perform to approximately 40 other oil and gas companies. *See, e.g., Robert L. Bayless*, MMS-98-0132-IND (Dec. 22, 2000); *Merrion Oil & Gas Corp.*, MMS-998-0228-IND (Dec. 22, 2000); *Dugan Production Co.*, MMS-98-01130-IND (Dec. 22, 2000); *Vastar Resources Inc.*, MMS-98-0131-IND (March 28, 2007).

17.     In the OTP itself, Merit was notified of its right to appeal the OTP under 30 C.F.R. Part 290. *See Merit*, 172 IBLA at 139-40.

18.     Under 30 C.F.R. § 290.105(a) (1999), a lessee may appeal an MMS Order to Perform "within 30 days from service of the order."[2] *See also* § 290.102 (1999) ("Order" includes "[a]n order to pay or to compute and pay" royalties).

19.     Under 30 C.F.R. § 290.105(b) (1999), a lessee "may not request and will not receive an extension of time for filing the Notice of Appeal."

---

percentage of the higher of the two values. *See* Lease ¶ 3(c) (requiring royalty to be computed "on the value of gas or casinghead gas, or on the products thereof . . . , whichever is the greater"); 30 CFR §§ 206.152(h), 206.153(h) (1988) (the dual accounting provision in effect during the audit period).

[2] This Complaint refers to the 1999 version of the regulations because it was the version in effect during the relevant period.

20.    30 C.F.R. § 290.105(c) (1999) provides for a brief grace period regarding receipt of a Notice of Appeal by the proper official, to account for delivery problems within the Department, but still requires the Notice of Appeal to have been delivered on time.

21.    Under 30 C.F.R. § 290.105(d) (1999), "If the Notice of Appeal is filed after the grace period provided in paragraph (c) of this section and was not transmitted to the proper office before the filing deadline in paragraph (a) of this section, the MMS Director will not consider the Notice of Appeal and the case will be closed."[3]

22.    Some lessees subject to the major portion orders to perform referenced in paragraph 16 complied with the orders and paid additional royalties, some settled with MMS and Jicarilla, and many appealed the orders pursuant to 30 C.F.R. Part 290. *See, e.g., Robert L. Bayless*, MMS-98-0132-IND (Dec. 22, 2000); *Merrion Oil & Gas Corp.*, MMS-998-0228-IND (Dec. 22, 2000); *Dugan Production Co.*, MMS-98-01130-IND (Dec. 22, 2000); *Vastar Resources Inc.*, MMS-98-0131-IND (March 28, 2007).

23.    Merit did not appeal the OTP under 30 C.F.R. Part 290.

C.    The Notice of Noncompliance

24.    On August 19, 1999, the MMS issued a Notice of Noncompliance ("NON") to Merit charging Merit with failure to comply with the OTP.

25.    On September 15, 1999, Merit requested an extension of time for complying with the OTP.

26.    MMS granted Merit a 30-day extension of time to comply with the OTP. *See Merit*, 172 IBLA at 140.

---

[3] For orders involving Indian leases, appeal is to the Deputy Commissioner of Indian Affairs rather than the MMS Director.  30 C.F.R. § 290.105(g).

27.     30 C.F.R. § 241.54 (1999) provides that a party may request a hearing on the record on a NON by filing the request within 30 days of receipt of the NON.

28.     On September 22, 1999, Merit requested a hearing on the NON pursuant to 30 C.F.R. Part 241 and petitioned to stay the accrual of penalties during the appeal. *See Merit*, 172 IBLA at 140.

29.     The parties stipulated to a stay of the accrual of penalties, and the stay was granted on December 23, 1999. *See id.*

30.     On November 17 and 18, 1999, Merit responded to the NON by recalculating royalties, but did not use the major portion prices established by MMS for the Jicarilla Apache Reservation. *See id.*

D.      Proceedings at the Hearings Division of the Office of Hearings and Appeals

31.     The hearing on the NON was assigned to an Administrative Law Judge ("ALJ") in the Hearings Division of the Office of Hearings and Appeals.

32.     Merit raised a number of issues before the ALJ, and the ALJ issued a number of decisions in response.    The decision on appeal here concerns whether the ALJ had jurisdiction, in the context of a Part 241 hearing on the record on the NON, to consider the validity of the underlying OTP, which Merit had failed to appeal pursuant to 30 C.F.R. Part 290.

33.     During the proceedings at the Hearings Division, MMS argued that the only means of appealing the validity of the OTP was pursuant to 30 C.F.R. Part 290, that Merit failed to appeal the OTP pursuant to 30 C.F.R. Part 290, that the time limit for appeal had expired and was jurisdictional, and that the doctrine of administrative finality prevented any further consideration of the validity of the OTP.

34.    MMS also argued that since the only method for appealing the substance of an OTP is to appeal to the Deputy Commissioner of Indian Affairs and then to the IBLA pursuant to 30 C.F.R. Part 290, the Hearings Division ALJ did not have jurisdiction to address Merit's challenges to the OTP in the context of its challenge to the NON.

35.    The ALJ agreed with the latter argument and held he did not have jurisdiction to consider Merit's challenges to the substance of the OTP.

36.    The ALJ did, however, consider whether the OTP was properly served on Merit.

37.    The ALJ found that the OTP had been properly served on Merit.

E.    Proceedings Before the Interior Board of Land Appeals

38.    Merit appealed the ALJ's decision to the IBLA.

39.    With regard to the procedural question—whether the OTP was properly served—the IBLA affirmed the ALJ's finding that service was appropriate.

40.    On the jurisdictional question—whether the ALJ had authority to consider Merit's challenges to the substance of the OTP itself—the IBLA reversed.

41.    The IBLA concluded that while a party may appeal an OTP under 30 C.F.R. Part 290 within thirty days of service, it can also let the time for appeal expire, and simply wait for a NON to be issued.

42.    Once the NON is issued, the IBLA reasoned, the party has a second chance to appeal, this time under 30 C.F.R. Part 241, and may raise issues regarding both the NON and the unchallenged OTP.

43.    The IBLA then remanded to the ALJ with instructions to consider Merit's challenges to the substance of the underlying OTP. *See Merit*, 172 IBLA at 156.

Count One

-8-

44.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 2 - 43 of this Complaint.

45.     The Department is an agency under the APA, 5 U.S.C. § 701(b)(1).

46.     The IBLA's decision on the jurisdictional question in *Merit* is a final action of the Department from which no further administrative appeal is available. *See* 43 C.F.R. § 4.403 ("A decision of the [IBLA] shall constitute final agency action . . . unless the decision itself provides otherwise.").

47.     Final agency action for which there is no other adequate remedy in a court is subject to judicial review. 5 U.S.C. § 704.

48.     The IBLA's interpretation of the regulations at 30 C.F.R. Part 241 is inconsistent with the regulations at 30 C.F.R. Part 290.

49.     The IBLA's interpretation of the regulations at 30 C.F.R. Part 241 renders meaningless the time limit and procedures for appeals under 30 C.F.R. Part 290.

50.     The IBLA's interpretation of the regulations at 30 C.F.R. Part 241 creates the possibility of inconsistent rulings under 30 C.F.R. Part 241 and Part 290.

51.     The IBLA's decision on the jurisdictional question in *Merit* is therefore arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. § 706.

### Count Two

52.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 2- 43 and 45-47 of this Complaint.

53.     The Department's trust responsibility to Indian tribes, and in particular its trust responsibility to administer Indian oil and gas according to "not merely the minimal requirements of administrative law, but . . . also . . . the more stringent standards demanded

-9-

of a fiduciary," *Supron,* 728 F.2d at 1563, is acknowledged by statute, regulation, and case law, as discussed in paragraphs 8-10.

54.    By allowing a party to challenge the validity of an OTP for a second time, in the very proceeding designed for enforcement of the OTP, the IBLA's interpretation of the regulations at 30 C.F.R. Part 241 places an excessive burden on MMS's enforcement capabilities and undermines MMS's trust obligation to enforce Indian leases.

55.    The Department therefore violated its trust responsibility to the Jicarilla Apache Nation by failing to "aggressively carry out [its] trust responsibility in the administration of Indian oil and gas." *See* 30 C.F.R. § 206.170(e) (2007).

### Claim for Relief

WHEREFORE, Plaintiff Jicarilla Apache Nation hereby prays for: (1) a declaratory judgment setting aside the Department's decision in *Merit Energy Co. v. Minerals Management Service,* 172 IBLA 137 (2007), and declaring the decision unlawful and of no force or effect; and (2) an award to Plaintiff of attorneys' fees and costs incurred related to this litigation, and any such other relief as the Court deems just and proper.

Respectfully submitted,

Jill Elise Grant (D.C. Bar No. 358306)
Nordhaus Law Firm, LLP
1401 K Street, NW
Suite 801
Washington, DC 20005
202-530-1270

Counsel for the Jicarilla Apache Nation

-11-

og -316
og RCL

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I. (a) PLAINTIFFS

Jicarilla Apache Nation

88888

## DEFENDANTS

U.S. Department of the Interior

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jill Elise Grant
Nordhaus Law Firm, LLP
1401 K Street, N.W., Suite 801
Washington, D.C. 20005

Case: 1:08-cv-00316
Assigned To : Lamberth, Royce C.
Assign. Date : 2/25/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

✦ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

□ 410 Antitrust

○ B. Personal Injury/
Malpractice

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

◉ C. Administrative Agency
Review

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)
Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ D.  Temporary Restraining
Order/Preliminary
Injunction

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

## ○ E.  General Civil (Other)       OR       ○ F.  Pro Se General Civil

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or
defendant
□ 871 IRS-Third Party 26
USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure
of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational
Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC
Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced &
Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/
Exchange
□ 875 Customer Challenge 12 USC
3410
□ 900 Appeal of fee determination
under equal access to Justice
□ 950 Constitutionality of State
Statutes
□ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

3

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 2201 and 5 U.S.C. § 701-706 Administrative Procedure Act; review of final agency decision

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ Check YES only if demanded in complaint<br>**JURY DEMAND:**    YES ☐    NO ☒ |
|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE **February 25, 2008**    SIGNATURE OF ATTORNEY OF RECORD    *Joi Ck garst*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.