# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JICARILLA APACHE NATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:08-cv-00316 |
| v. | ) | Judge John D. Bates |
| | ) | |
| U.S. DEPARTMENT OF THE INTERIOR | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIRK KEMPTHORNE, Secretary of the Interior, | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

## ANSWER OF DEFENDANTS

Defendants, the U.S. Department of the Interior and Dirk Kempthorne, Secretary of the Interior, hereby submit this Answer to the Amended Complaint.  Defendants answer each numbered paragraph of the Amended Complaint as follows:

1.    The allegations in Paragraph 1 characterize Plaintiff's Complaint and state conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

2.    Defendants admit the allegations in Paragraph 2.

3.    Defendants admit the allegations of the first sentence of Paragraph 3.  The allegations in the second sentence of Paragraph 3 characterize the various statutes and regulations cited in the third sentence, which are the best evidence of their own contents, and

state conclusions of law; therefore, no response is required to the allegations in the second and third sentences. The allegations in the fourth sentence of Paragraph 3 state conclusions of law to which no response is required.

4.     Defendants admit the allegations of Paragraph 4.

5.     The allegations in Paragraph 5 state conclusions of law to which no response is required.

6.     The allegations in Paragraph 6 state conclusions of law to which no response is required.

7.     Defendants admit the allegations in the first and second sentences of Paragraph 7. The allegations in the remainder of Paragraph 7 characterize the content of the leases, which are the best evidence of their own contents, and, therefore, no response is required.

8.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 8.

9.     The allegations in Paragraph 9 characterize the cases cited therein, which are the best evidence of their own contents, and state conclusions of law, therefore, no response is required.

10.     The allegations in Paragraph 10 characterize the statute and the case cited therein, which are the best evidence of their own contents, therefore, no response is required.

11.     The allegations in Paragraph 11 characterize the regulation cited therein, which is the best evidence of its own contents, and, therefore, no response is required.

12.     The allegations in Paragraph 12 characterize the terms of leases, which are the best evidence of their own contents, and, therefore, no response is required.

13.     The allegations in Paragraph 13 state conclusions of law, to which no response is required; however, to the extent that any factual allegations are interwoven with those conclusions of law, Defendants deny such allegations.

14.     Defendants admit the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 characterize the Interior Board of Land Appeals (IBLA) decision quoted therein, and its discussion of the alleged audit.  That decision is the best evidence of its own contents, and, therefore, no response is required.  The allegations in footnote 1 characterize the requirements of the leases and regulations cited therein, which are the best evidence of their own contents, and, therefore, no response is required.

16.     Defendants admit that the Minerals Management Service (MMS) issued an Order to Perform to Merit Energy Company on February 16, 1999.  The allegations in the remainder of Paragraph 16 characterize the contents of the Order, as discussed in the IBLA decision.  Both of those documents are the best evidence of their own contents, and, therefore, no response is required.

17.     The allegations in Paragraph 17 characterize the various Orders, which are the best evidence of their own contents, and, therefore, no response is required.

18.     The allegations in Paragraph 18 characterize the contents of the Order, as discussed in the IBLA decision.  Both of those documents are the best evidence of their own contents, and, therefore, no response is required.

19.     The allegations in Paragraph 19 characterize the provisions of the cited regulations, which are the best evidence of their own contents, and, therefore, no response is

required. The allegations in footnote 2 characterize the Complaint, to which no response is required.

20. The allegations in Paragraph 20 characterize the provisions of the cited regulations, which are the best evidence of their own contents, and, therefore, no response is required.

21. The allegations in Paragraph 21 characterize the provisions of the cited regulations, which are the best evidence of their own contents, and, therefore, no response is required.

22. The allegations in Paragraph 22 and footnote 3 characterize the provisions of the cited regulations, which are the best evidence of their own contents, and, therefore, no response is required.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit that MMS issued a Notice of Noncompliance (NONC) to Merit Energy Company on August 19, 1999. The allegations in the remainder of Paragraph 25 characterize the contents of the NONC, which is the best evidence of its own contents, and, therefore, no response is required.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

27[a].[1]  The allegations in Paragraph 27[a] characterize the provisions of the cited regulations, which are the best evidence of their own contents, and, therefore, no response is required.

28.     Defendants admit the allegations in Paragraph 28.

29.     Defendants admit the allegations in Paragraph 29.

30.     Defendants admit the allegations in Paragraph 30.

31.     Defendants admit the allegations in Paragraph 31.

32.     Defendants admit the allegations in the first sentence of Paragraph 32.  The allegations in the second sentence of Paragraph 32 characterize the contents of the Administrative Law Judge's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

33.     The allegations in Paragraph 33 characterize the contents of MMS's briefs before the Administrative Law Judge, which are the best evidence of their own contents, and, therefore, no response is required.

34.     The allegations in Paragraph 34 characterize the contents of MMS's briefs before the Administrative Law Judge, which are the best evidence of their own contents, and, therefore, no response is required.

35.     The allegations in Paragraph 35 characterize the contents of the Administrative Law Judge's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

---

[1] The Amended Complaint contains two paragraphs numbered 27.  This response refers to the allegations in the second of those paragraphs.

36.    The allegations in Paragraph 36 characterize the contents of the Administrative Law Judge's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

37.    The allegations in Paragraph 37 characterize the contents of the Administrative Law Judge's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

38.    Defendants admit the allegations in Paragraph 38.

39.    The allegations in Paragraph 39 characterize the contents of the IBLA's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

40.    The allegations in Paragraph 40 characterize the contents of the IBLA's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

41.    The allegations in Paragraph 41 characterize the contents of the IBLA's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

42.    The allegations in Paragraph 42 characterize the contents of the IBLA's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

43.    The allegations in Paragraph 43 characterize the contents of the IBLA's opinion, which is the best evidence of its own contents, and, therefore, no response is required.

44.    Defendants reassert and incorporate by references its responses to Paragraphs 2 through 43, above.

45.    The allegations in Paragraph 45 state conclusions of law to which no response is required.

46.     The allegations in Paragraph 46 state conclusions of law to which no response is required.

47.     The allegations in Paragraph 47 state conclusions of law to which no response is required.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants reassert and incorporate by references its responses to Paragraphs 2 through 43 and 45 through 51, above.

53.     The allegations in Paragraph 53 state conclusions of law to which no response is required.

54.     The allegations in Paragraph 54 state conclusions of law to which no response is required.

55.     Defendants deny the allegations in Paragraph 55.

The remaining allegations in Plaintiff's Amended Complaint, constitute prayers for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief it has requested or to any relief whatsoever.

All allegations of the Amended Complaint that have not been expressly admitted, denied, or qualified by this answer are hereby specifically denied.

## **Affirmative Defenses**

1.     Plaintiff fails to state claims upon which relief can be granted.

2.      This court lacks jurisdiction over the subject matter of this case.

WHEREFORE, Defendants requests that this action be dismissed with prejudice, that judgment be entered for Defendants, and that Defendants's costs be allowed, in addition to any further relief this Court may allow.

Dated this 7th day of August, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General


 /s/ Ruth Ann Storey
RUTH ANN STOREY
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D. C. 20044-0663
Telephone: (202) 305-0493
Fax: (202) 305-0506

Of Counsel:

Stephen L. Simpson
Senior Attorney
Division of Indian Affairs
Office of the Solicitor
U.S. Department of the Interior
Washington, D. C. 20240
Telephone: (202) 219-1659
Fax: (202) 219-1791