UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JICARILLA APACHE NATION,**

    **Plaintiff,**

      **v.**

**UNITED STATES DEPARTMENT OF
THE INTERIOR, et al.,**

    **Defendants,**

**and**

**MERIT ENERGY COMPANY,**

    **Intervenor-Defendant.**

**Civil Action No.  08-0316 (JDB)**

### MEMORANDUM OPINION

Plaintiff Jicarilla Apache Nation ("Jicarilla") brings this action against the United States

Department of the Interior (the "Department") and Ken Salazar,[1] Secretary of the Interior

(collectively, "defendants").  The dispute arises from leases Jicarilla entered into with Merit

Energy Company ("Merit") pursuant to the Indian Mineral Leasing Act of 1938 for oil and gas

production on Jicarilla's reservation.  Audits of these leases performed by the Department's

Mineral Management Service ("MMS") revealed that Merit improperly calculated royalties due

to Jicarilla.  MMS then issued an Order to Perform ("OTP") directing Merit to recalculate the

---

[1] Former Secretary of the Interior Dirk Kempthorne was named as the original defendant
in this case.  Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically
substitutes the current Secretary of the Interior, Ken Salazar, as the defendant.

royalties and pay any additional royalties due.  The OTP provided a 30-day window within

which to appeal the order.  When Merit did not respond to the OTP, MMS issued a Notice of

Noncompliance.  Merit requested a hearing on the Notice of Noncompliance, and at that hearing

an administrative law judge ("ALJ") decided, in relevant part, that the Department lacked

jurisdiction to consider Merit's challenges to the substance of the OTP because Merit did not

timely appeal that order.  Merit appealed this decision to the Interior Board of Land Appeals

("IBLA"), which reversed the ALJ on the jurisdictional question and remanded the case for

further proceedings.  Jicarilla then initiated this action seeking review of the IBLA's

jurisdictional decision under the Administrative Procedure Act ("APA") and also asserting a

breach of trust claim against defendants.  Merit subsequently intervened in this action as a

defendant.  Currently before the Court is Merit's motion to dismiss the amended complaint.  For

the reasons explained below, the Court will grant this motion.

## BACKGROUND

Jicarilla is a federally recognized Indian tribe with a reservation in northwest New

Mexico.  Am. Compl. ¶ 2.  Under the Indian Mineral Leasing Act of 1938, Jicarilla is the lessor

for various oil and gas mining leases with Merit.  Id. ¶ 7.  The tribe is entitled to royalties for oil

and gas produced under these leases, which are calculated based on a provision of the leases

known as the "major portion price" provision.  Id. ¶ 12.  MMS determines the major portion

prices for gas from Jicarilla's reservation and is also responsible for auditing Jicarilla's leases.  Id.

¶¶ 13-14.  During an audit, MMS determined that Merit's royalties for oil and gas production

under its leases with Jicarilla were miscalculated.  Id. ¶¶ 14-15.

On February 16, 1999, MMS issued an OTP to Merit directing it to recalculate royalties

on its leases with Jicarilla and pay any additional royalties due.  Id. ¶ 16.  It provided that Merit

could appeal the OTP "within 30 days from service of the order."  Id. ¶¶ 18-19.  Merit did not

appeal the OTP.  Id. ¶ 24.  Merit contends that it never appealed because MMS sent the OTP to a

former Merit employee and it never reached Merit's management.[2]  See Merit Mem. in Supp. of

Mot. to Dismiss ("Merit Mem.")  ¶ 10.  On August 19, 1999, MMS issued a Notice of

Noncompliance to Merit for failure to comply with the OTP.  Am. Compl. ¶ 25.  About a month

later, Merit requested a hearing on the Notice of Noncompliance.  Id. ¶ 28.

On November 16, 2001, the ALJ ruled in relevant part that the Department lacked

jurisdiction to consider Merit's challenges to the substance of the OTP in the context of a hearing

on the Notice of Noncompliance.  Id. ¶¶ 32, 35; Merit Energy, 172 IBLA at 156.  Merit appealed

the ALJ's decision to the IBLA.  Am. Compl. ¶ 38.  The IBLA reversed the ALJ on the

jurisdictional question -- finding that the ALJ could consider the substance of the OTP in the

Notice of Noncompliance proceedings -- and remanded the case to the ALJ for further

proceedings.  Id. ¶¶ 40, 43; Merit Energy, 172 IBLA at 156.

Jicarilla filed a complaint against defendants in this Court on February 25, 2008 and an

amended complaint followed on May 1, 2008.  Jicarilla contends that the IBLA's decision on the

jurisdictional question is arbitrary, capricious, and an abuse of discretion in violation of the

APA, 5 U.S.C. § 706 (Count I).  It also asserts that defendants violated their trust responsibility

to Jicarilla because the IBLA's decision places an excessive burden on MMS's ability to enforce

---

[2] The ALJ -- while declining to exercise jurisdiction over the substance of the OTP --
found that the OTP had been properly served on Merit.  Am. Compl. ¶¶ 35, 37.  This finding was
later affirmed by the IBLA.  Merit Energy Co. v. Minerals Mgmt. Serv., 172 IBLA 137, 156
(2007)

Indian leases (Count II).  Jicarilla seeks a declaratory judgment setting aside the IBLA's

decision.  Am. Compl. at 10.  On September 8, 2008, Merit filed an unopposed motion to

intervene in this action as a defendant, which the Court granted.  That same day, Merit filed a

motion to dismiss both counts of the amended complaint.  Merit contends that Count I should be

dismissed because the IBLA's decision was not "final agency action," and thus is not subject to

judicial review under the APA.  Merit Mem. at 6.  Moreover, Merit argues that because Jicarilla

seeks only declaratory relief as to both counts of its amended complaint, Count II should be

dismissed as well because there has been no final agency action.  Merit Reply at 2.

## STANDARD

Merit's motion requests dismissal of the amended complaint pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6).  Merit Mot. at 1.  Dismissal on the ground of no final

agency action under the APA is properly sought under Rule 12(b)(6).  Fund for Animals, Inc. v.

U.S. Bureau of Land Mgmt., 460 F.3d 13, 18 n.4 (D.C. Cir. 2006).  The issue of ripeness falls

under Rule 12(b)(1).  See Venetian Casino Resort, L.L.C. v. EEOC, 409 F.3d 359, 363-64 (D.C.

Cir. 2005).

"[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over

the subject matter or for failure to state a cause of action, the allegations of the complaint should

be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see

Leatherman v. Tarrant Cty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips

v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  Therefore, the factual allegations must

be presumed true, and plaintiff must be given every favorable inference that may be drawn from

the allegations of fact.  Scheuer, 416 U.S. at  236; Sparrow v. United Air Lines, Inc., 216 F.3d

1111, 1113 (D.C. Cir. 2000).  However, the Court need not accept as true "a legal conclusion

couched as a factual allegation," nor inferences that are unsupported by the facts set out in the

complaint.  Trudeau v. Federal Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting

Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court --

plaintiff here -- bears the burden of establishing that the court has jurisdiction.  See US Ecology,

Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000) (citing Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 103-04 (1998)); see also Grand Lodge of Fraternal Order of Police v.

Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) ("[A] Rule 12(b)(1) motion imposes on the court

an affirmative obligation to ensure that it is acting within the scope of its jurisdictional

authority."); Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998).

Although a court must accept as true all the factual allegations contained in the complaint when

reviewing a motion to dismiss pursuant to Rule 12(b)(1), Leatherman, 507 U.S. at 164,

"'plaintiff[s'] factual allegations in the complaint . . . will bear closer scrutiny in resolving a

12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  Grand Lodge,

185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice

and Procedure § 1350 (2d ed. 1990)).  At the stage of litigation when dismissal is sought, a

plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all

favorable inferences that can be drawn from the alleged facts.  See EEOC v. St. Francis Xavier

Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).  Additionally, a court may consider material

other than the allegations of the complaint in determining whether it has jurisdiction to hear the

case, as long as it still accepts the factual allegations in the complaint as true.  See Jerome

Stevens Pharmaceuticals, Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005); St. Francis

Xavier Parochial Sch., 117 F.3d at 624-25 n.3; Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197

(D.C. Cir.1992).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court is mindful that all

that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and

plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  Although "detailed

factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide

the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and

conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S.

at 555-56; see also Papasan, 478 U.S. at 286.  "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550

U.S. at 570); Atherton v. District of Columbia Office of the Mayor, --- F.3d ---, 2009 WL

1515373, at *6 (D.C. Cir. 2009).  A complaint is plausible on its face "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  This amounts to a "two-pronged

approach" under which a court first identifies the factual allegations entitled to an assumption of

truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at

1950-51.

## ANALYSIS

**I.      Count I -- Judicial Review of the IBLA Decision**

Jicarilla contends that the IBLA's decision -- that the ALJ had jurisdiction to consider the

substance of the OTP -- is final agency action that is reviewable by this Court.  Am. Compl. ¶ 1.

According to Merit, however, this decision is not final agency action because the Department

continues to exercise jurisdiction over the remanded proceedings.  See Merit Mem. at 5-6.

Jicarilla responds that the IBLA's decision is final because it results in specific legal

consequences and is the last word from the agency regarding its jurisdiction to consider the

substance of the OTP.  Pl.'s Opp'n at 12.  Defendants agree with Jicarilla that the IBLA's

jurisdictional decision is final agency action.  Fed. Defs.' Resp. to Merit Mot. at 1, 3-5.

The APA provides that "final agency action" is subject to judicial review.  5 U.S.C. §

704.  Whether there has been "'final agency action' within the meaning of the APA [is a]

threshold question[]; if [this] requirement[] [is] not met, the action is not reviewable."  Fund for

Animals, 460 F.3d at 18.  Under the Supreme Court's decision in Bennett v. Spear, 520 U.S. 154

(1997), two conditions must be satisfied for an agency action to be final for purposes of judicial

review under the APA.  "First, the action must mark the 'consummation' of the agency's

decisionmaking process -- it must not be of a merely tentative or interlocutory nature."  Id. at

177-78 (citation omitted).  "[S]econd, the action must be one by which 'rights or obligations have

been determined,' or from which 'legal consequences will flow.'"  Id. at 178.  As part of the

finality analysis, the Court must also consider whether "the process of administrative

decisionmaking has reached a stage where judicial review will not disrupt the orderly process of

adjudication."  Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic, 400

U.S. 62, 71 (1970).

Applying the <u>Bennett</u> test, the Fifth Circuit has found that agency decisions remanding a

case for further proceedings are not final agency actions for purposes of APA review. <u>Exxon</u>

<u>Chems. Am. v. Chao</u>, 298 F.3d 464, 467 (5th Cir. 2002) ("[T]he ARB's remand order did not

constitute a final agency action" because it did not resolve the merits of the underlying case and

it did not have a "substantial effect" on the rights of the parties.).  Other courts have also

consistently found that remand orders do not constitute final agency actions.  <u>See, e.g.</u>, <u>Browning</u>

<u>v. Sullivan</u>, 958 F.2d 817, 822 (8th Cir. 1992) ("If the Appeals Council grants review, its

decision (absent a remand to the ALJ) becomes the Secretary's final agency action that is subject

to judicial review."); <u>Duda v. Sec'y of Health & Human Servs.</u>, 834 F.2d 554, 555 (6th Cir.

1987) ("[W]e agree with the magistrate that the remand order was not a final reviewable

decision."); <u>Jordan Hosp. v. Leavitt</u>, 571 F. Supp. 2d 108, 114 (D.D.C. 2008) ("Here, both

parties agree that 'an order for remand is not a final agency action subject to review.'").  That

conclusion is consistent with the general rule governing appellate review of a district court's

decision to remand a case to an agency -- such a decision is not final and reviewable.  <u>See, e.g.</u>,

<u>North Carolina Fisheries Ass'n, Inc. v. Gutierrez</u>, 550 F.3d 16, 19 (D.C. Cir. 2008) ("It is black

letter law that a district court's remand order is not normally 'final' for purposes of appeal.").

And it is, of course, also true that a federal district court's determination that it <u>has</u> jurisdiction

(<u>i.e.</u>, the denial of a motion to dismiss on jurisdictional grounds) is not immediately appealable.

<u>See, e.g.</u>, <u>Oscarson v. Office of Senate Sergeant at Arms</u>, 550 F.3d 1, 2 (D.C. Cir. 2008)

("[D]enials of motions to dismiss are generally not reviewable.").

Moreover, if the Court reviews the IBLA's jurisdictional decision at this time, it will

disrupt the pending administrative proceedings.  After determining that the ALJ had jurisdiction

to consider the validity of the OTP, the IBLA remanded the case to the ALJ, Am. Compl. ¶¶ 40-

43, where it is still pending, Merit Mem. at 5-6.  Further consideration of Jicarilla's claims by

this Court at this time would likely disrupt those pending proceedings by, at the very least,

causing delay in the adjudication of the core issue whether Merit is obligated to pay Jicarilla

additional royalties.  And if this Court ultimately reversed the IBLA's decision, that too would be

disruptive because it would effectively terminate the pending agency proceedings.  The Court

concludes, then, that in light of Bennett and the strong authority stating that a remand does not

constitute final agency action, the IBLA's jurisdictional decision is not final agency action that is

reviewable by this Court at this time.

        However, Jicarilla calls the Court's attention to a Department regulation, which provides

that "[a] decision of the [IBLA] shall constitute final agency action and be effective upon the

date of issuance, unless the decision itself provides otherwise."  43 C.F.R. § 4.403.  The IBLA

decision at issue here states that "the case is remanded to the Hearings Division," but it does not

explicitly address whether the decision is final.  Merit Energy, 172 IBLA at 156.  Merit asserts

that the remand language establishes that the decision is not final.  See Merit Mem. ¶ 4.  By

contrast, Jicarilla contends that the IBLA's decision exhausted its administrative remedies as to

the jurisdictional issue and -- taken together with section 4.403 and the language of the IBLA

decision itself -- demonstrates that the IBLA's decision was final.  See Pl.'s Opp'n at 14.  For its

part, the government contends that the IBLA's jurisdictional decision was final for purposes of

APA review because it is not subject to further agency review and the language of 4.403 so

provides.  See Fed. Defs.' Resp. to Merit Mot. at 1, 3-5.

Although, at first glance, section 4.403 appears to be in tension with the Court's

conclusion, the Court is not persuaded that this provision should alter the analysis, particularly in

light of the federal court authority stating that a remand does not constitute final agency action.

The language of section 4.403 indicates that IBLA decisions may not be appealed to a higher

agency authority without explicit authorization, but it does not necessarily provide that any IBLA

decision is presumptively final for purposes of APA review.  Although "an agency 'has

considerable latitude in determining the event that triggers commencement of the judicial review

period,' it must do so reasonably."  Pub. Citizen v. Nuclear Regulatory Comm'n, 901 F. 2d 147,

153 (D.C. Cir. 1990); cf. Am. Bird Conservancy, Inc. v. Fed. Commc'ns Comm'n, 516 F.3d 1027,

1031 n.1 (D.C. Cir. 2008) (observing that "agencies cannot avoid judicial review of their final

actions" through self-serving characterizations of their own actions).  It is well-settled that

interlocutory agency decisions are not final agency actions within the meaning of the APA.  See

Bennett, 520 U.S. at 177-78.  Hence, it is not plausible that the purpose of section 4.403 is to

provide that any decision of the IBLA -- including, for example, an interlocutory decision such as

a discovery order, see FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276

(1991) -- is automatically final for purposes of APA review unless the IBLA provides otherwise.

This Court's jurisdiction is controlled by federal statute and federal case law, not by agency

regulations or pronouncements.  See Ideal Basic Indus., Inc. v. Morton, 542 F.2d 1364, 1370 (9th

Cir. 1976) (concluding that a decision of the IBLA was not final agency action under 5 U.S.C. §

704, notwithstanding the Secretary's designation of it as "final").

In sum, judicial review of the IBLA's jurisdictional holding is impermissible at this time

because that decision was not final agency action within the meaning of the APA, 5 U.S.C. §

704.[3]  Allowing Jicarilla's claim to go forward would disrupt the pending administrative

proceedings and would be contrary to the well-established rule that interlocutory decisions are not

final agency actions.  Hence, Merit's motion to dismiss Count I will be granted.[4]

## II.      Count II -- Breach of Trust

Count II of the amended complaint alleges that defendants violated their trust

responsibility to Jicarilla by allowing Merit to challenge the validity of the OTP for a second time

(i.e., on remand to the ALJ).  Am. Compl. ¶¶ 53-55.  Merit contends that because in Count II -- as

in Count I -- Jicarilla seeks only declaratory relief with regard to the IBLA decision, this claim

must be dismissed because there has not yet been a final agency action.  Merit's Reply at 2-3.

Jicarilla responds that the relief sought vis-á-vis Count II does not determine whether it properly

states a claim upon which relief can be granted.  Pl.'s Surreply at 2 n.1.  Instead, Jicarilla asserts

that Count II sets forth a valid cause of action based on breach of trust and hence it should not be

dismissed.  See id. at 3.

In light of the Court's conclusion that the IBLA's jurisdictional decision was not a final

reviewable agency action, the Court must first determine whether Count II is ripe for judicial

review.  Two factors must be considered in determining whether Count II is ripe.  First, the Court

---

[3] Merit also contends that judicial review is not appropriate because Jicarilla failed to exhaust its administrative remedies before bringing this suit in federal court and because this case is not yet ripe for judicial review.  Merit's Mem. at 7-9.  The Court need not address these arguments to resolve the instant motion because the absence of final agency action is dispositive.

[4] The Court's decision does not bar future judicial review of the IBLA's jurisdictional holding.  The APA provides that "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."  5 U.S.C. § 704.  Therefore, when the Department's administrative adjudication is complete, Jicarilla will have the opportunity to seek judicial review of the IBLA decision at issue here.

must determine "whether the issue is purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final." Village of Bensenville v. FAA, 376 F.3d 1114, 1119-20 (D.C. Cir. 2004). Second, the Court must consider "whether postponing judicial review would impose an undue burden on [the parties] or would benefit the court." Id. The first prong supports the conclusion that Count II is not ripe for review because there has not yet been final agency action. With respect to the second prong, Jicarilla's alleged hardship from a decision to decline judicial review stems from the burden of having to litigate the issue further at the agency level. See Pl.'s Opp'n at 16. But the burden and expense of continued litigation is not enough to satisfy the hardship element for purposes of ripeness. See Ohio Forestry Ass'n v. Sierra Club, 523 U.S. 726, 735 (1998) ("[T]he Court has not considered . . . litigation cost saving sufficient by itself to justify review in a case that would otherwise be unripe."); Clean Air Implementation Project v. EPA, 150 F.3d 1200, 1205 (D.C. Cir. 1998) ("The burden of participating in future proceedings does not 'constitute sufficient hardship for the purposes of ripeness.'") (citation omitted).

Moreover, one purpose of the ripeness doctrine -- like the APA's final agency action requirement -- is to prevent courts from prematurely entangling themselves in administrative proceedings. Nat'l Park Hospitality Ass'n v. Dep't of the Interior, 538 U.S. 803, 807 (2003). As with Count I, this Court's consideration of Count II at this time would unquestionably interfere with the pending Department proceedings. Hence, Count II is not ripe for review because there has been no final agency action and postponing review would not place an undue burden on the

parties.[5]  Accordingly, Merit's motion to dismiss Count II of the amended complaint will be

granted.

## CONCLUSION

For the foregoing reasons, the Court will grant Merit's motion to dismiss and it will

dismiss all counts of the amended complaint, without prejudice to consideration of the issues

raised by Jicarilla in Counts I and II at a later time.  A separate Order accompanies this

Memorandum Opinion.


<u>/s/</u>
JOHN D. BATES
United States District Judge


Dated:    August 31, 2009

---

[5] The government agrees that if Count I of the complaint is dismissed, Count II must be dismissed as well.  Fed. Defs.' Resp. to Merit Mot. at 5.